UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA SANTOS,<br><br>                    Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. EDCV 10-01965-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On December 17, 2010, Paula Santos ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on June 16, 2011. On September 8, 2011, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this action dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 48 year old female who filed an application for Social Security Disability Insurance benefits and Supplemental Social Security Income benefits on May 23, 2008, alleging disability beginning February 10, 2008. (AR 8.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 10.)

Plaintiff's claims were denied initially on September 12, 2008, and on reconsideration on March 13, 2009. (AR 8.) Plaintiff filed a timely request for hearing, which was held on March 30, 2010, in San Bernardino, California, before Administrative Law Judge ("ALJ") Sharilyn Hopson. (AR 18-54.) Plaintiff appeared and testified at the hearing. (AR 8.) Medical expert Dr. Joseph Malancharuvil and vocational expert ("VE") Corinne J. Porter also appeared and testified at the hearing. (AR 8.) Claimant was represented by counsel. (AR 8.)

The ALJ issued an unfavorable decision on May 6, 2010. (AR 8-17.) The Appeals Council denied review on October 18, 2010. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ has properly considered all of the relevant medical evidence of record including the testimony of the medical expert.
2. Whether the ALJ has properly considered Plaintiff's subjective complaints and properly assessed Plaintiff's credibility as well as those statements made by Plaintiff's boyfriend.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla' . . . but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the

regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since February 10, 2008, the alleged onset date. (AR 10.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: fibromyalgia, carpal tunnel syndrome, degenerative disc disease of the neck and back, chronic obstructive pulmonary disease, asthma, affective mood disorder not otherwise specified with bipolar features, anxiety disorder not otherwise specified, and somatoform disorder. (AR 10.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 11.)

The ALJ next found that Plaintiff has the RFC to perform less than a full range of light work, including these limitations:

> The claimant is able to lift/carry 20 pounds occasionally, 10 pounds frequently; stand and walk for 6 hours in an 8 hour workday; use a cane as needed; no restrictions on sitting; fine and gross manipulation on frequent basis; can climb stairs but cannot climb ropes, ladders or scaffolds; must avoid concentrated exposure to dust, chemicals or fumes, extreme cold or heat, wetness, and humidity; no working around hazardous machinery or heights; is limited to performing moderately complex tasks up to 5 step instructions in a habituated work setting; and cannot perform safety operations.

(AR 12.) In determining this RFC, the ALJ made an adverse credibility determination to the extent Plaintiff's symptoms and statements, and the statements of her boyfriend, are inconsistent with the above RFC. (AR 13-14.)

At step four, the ALJ determined that Plaintiff is capable of performing her past relevant work as a telemarketer. (AR 16.)

Hence, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 17.)

**DISCUSSION**

The ALJ did not err in the consideration of Dr. Malancharuvil's testimony; the gaps in the transcript of his testimony were not material to the outcome of the case. The ALJ did not err in discounting Plaintiff's credibility and that of her boyfriend to the extent inconsistent with the RFC. The ALJ decision must be affirmed.

**I.    THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE**

Plaintiff's first argument is that the ALJ inadequately and incompletely considered the testimony of medical expert Dr. Malancharuvil, Ph.D., a licensed psychologist. (AR 15.) Specifically, Plaintiff asserts that Dr. Malancharuvil testified by telephone and there were gaps in the transcript regarding his testimony about fluctuations in Plaintiff's mental status. This is significant, Plaintiff says, because the vocational expert testified that Plaintiff would not be capable of any work if she were off task 20% of the time or had to miss work three days a month. (AR 52.) Thus, Plaintiff argues that variations in her functioning should or could result in a favorable disability determination.

To be sure, an ALJ may not ignore relevant medical evidence without giving specific, legitimate reasons supported by substantial evidence for doing so. Smolen, 80 F.3d at 1282; Reddick, 157 F.3d at 722-23 (impermissible for ALJ to develop evidentiary basis "by not fully accounting for the context of materials or all parts of he testimony and reports"). Here, however, the ALJ's decision was proper. The ALJ specifically found that the Claimant "reported an increase in her anxiety and panic attacks when off her usual regimen of medications." (AR 14, 299.) She often missed appointments and lab tests, which led to interruptions in her medications, and without her medications her symptoms worsened. (AR 299, 354.) She had good response to medication after a period of non-compliance. (AR 14.) Thus, there is no basis in the medical evidence of record to suggest that Plaintiff's mental symptoms were not controlled by medication.

The gaps in the transcript are not of dispositive significance. Dr. Malancharuvil did not regard Plaintiff to be disabled. Dr. Malancharuvil testified Plaintiff did not meet any listings,

had only mild and moderate limitations in functioning, and for her RFC was limited to moderately complex tasks. The ALJ adopted Dr. Malancharuvil's assessment. (AR 28.) Dr. Malancharuvil would not comment on Plaintiff's physical impairments or the pain they cause. (AR 30.) Similarly, consulting psychiatrist Dr. Romualdo Rodriguez indicated minimal limitations in functioning and that Plaintiff was able to carry out detailed and complex instructions, a less restrictive opinion than Dr. Malancharuvil's. (AR 15, 256.)

The ALJ also relied heavily on consulting internist Dr. Sean, who found only mild physical limitations that would not preclude light work. (AR 16, 276.) State agency physicians, both medical and psychiatric, found minimal objective evidence of limitations. (AR 258-268, 269-70, 283-88, 289-291, 292-93, 370-72.)

The only potentially contrary medical evidence are two conclusory one page notes that the ALJ properly gave little weight. (AR 14.) Dr. Leong, who treated Plaintiff for fibromyalgia, stated that she would be unable to return to work for one month, which in any event would not satisfy the 12 month duration requirement. (AR 14.) Dr. Lee wrote a note diagnosing bipolar and panic disorder and recommended no full-time work for 12 months. (AR 249.) Neither of these conclusory notes are supported by any objective medical evidence. The ALJ properly concluded that these notes do not establish greater limitations than the assessed RFC. (AR 14.) An ALJ may reject a treating physician's opinion if it is brief, conclusory and unsupported by rationale or treatment notes or objective medical evidence. Batson v. Comm'r, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004) (treating physician notes did not provide objective medical evidence of alleged limitations); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly rejected check box opinions that did not have any explanation or basis). Plaintiff does not even mention these notes or dispute the ALJ's evaluation of them.

Thus, there is no medical evidence, properly considered, that establishes disability. The gaps in the transcript regarding Dr. Malancharuvil's testimony are harmless and inconsequential to the outcome. Stout v. Comm'r, Soc. Sec. Adm, 454 F.3d 1050, 1055 (9th

Cir. 2006) (any error harmless where "inconsequential to the ultimate nondisability determination"). The ALJ's RFC is supported by substantial evidence and free of legal error.

## II. THE ALJ PROPERLY DISCOUNTED THE CREDIBILITY OF PLAINTIFF AND HER BOYFRIEND

The ALJ discounted Plaintiff's credibility because the objective medical evidence was inconsistent with her claimed limitations, Plaintiff received only conservative treatment, Plaintiff's claimed medication side effects are unsupported by medical records, Plaintiff made inconsistent statements, and her daily activities were inconsistent with her claimed inability to work. Plaintiff contests the ALJ's credibility determination but fails to address most of the ALJ's reasons for discounting Plaintiff's credibility. The ALJ's credibility determination is based on clear and convincing reasons supported by substantial evidence.

### A. Relevant Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must

identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms. (AR 14.)  The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not credible to the extent they are inconsistent with the above residual capacity assessment." (AR 14.)  Because the ALJ did not make any finding of malingering, she was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility.  Smolen, 80 F.3d at 1283–84.  The ALJ did so.

One reason given by the ALJ for discounting Plaintiff's subjective symptoms is the lack of objective medical evidence.  The ALJ stated, "The claimant's mental and physical treatment records do not establish greater limitations than those opined in the residual functional capacity herein." (AR 14.)  The ALJ thoroughly discussed the medical evidence (AR 14-16), which supports the ALJ's conclusion.  Lack of objective medical evidence cannot be the sole reason for discounting a claimant's subjective symptoms but it nonetheless remains a relevant factor in an ALJ's credibility determination.  Bunnell, 947 F.2d at 345.  Plaintiff never addresses the inconsistency between the medical evidence and her claimed limitations.

Another reason the ALJ cites in support of her adverse credibility determination is Plaintiff's conservative treatment, which is a valid basis for discounting a claimant's credibility.  Parra, 481 F.3d at 750-51.  Here, the ALJ noted that "[t]he claimant's treatment mostly consisted of medications for pain and her mental impairments and limited talk therapy." (AR 14.)  Plaintiff did not dispute this statement.

As a third reason supporting her credibility determination, the ALJ noted inconsistencies and a lack of support in the record for Plaintiff's allegations of medication

side effects. (AR 13-14, 42.) The ALJ also noted that Plaintiff's claim of medication side effects is inconsistent with her testimony that pain medication was helping. (AR 13.) Indeed, on September 10, 2009, she indicated that her medications were working with no side effects. (AR 391.) She also had a good response to medication after a period of non-compliance. (AR 14.) On another occasion, Plaintiff claimed her medications were of little help and needed to be increased. (AR 13, 218, 231-34.) Plaintiff did not address the inconsistencies in her statements regarding medication side effects. There was no clinical evidence to support Plaintiff's claims of medication side effects. Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985) (claimant failed to show by clinical evidence that prescription narcotics impaired ability to work); Wilkins v. Astrue, 2010 WL 1407289, at *4 (C.D. Cal. April 6, 2010); Santana v. Astrue, 2008 WL 4811402, at *7 (C.D. Cal. Oct. 28, 2008).

The ALJ advanced other reasons for discounting Plaintiff's credibility, but the reasons discussed above are undisputed and constitute clear and convincing reasons supported by substantial evidence sufficient by themselves to affirm the ALJ's adverse credibility determination. The ALJ also properly discounted the third party function report of Plaintiff's boyfriend. (AR 13.) The ALJ indicated that the boyfriend only knew Claimant for six months and his report of multiple limitations is not supported by medical records. (AR 13-14, 183-90.) Inconsistency with medical evidence is a germane reason for discounting the testimony of a lay witness. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).

The ALJ did not err in discounting Plaintiff's subjective symptoms to the extent inconsistent with the assessed RFC.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and this case be dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 21, 2011          /s/ John E. McDermott
                                  JOHN E. MCDERMOTT
                                  UNITED STATES MAGISTRATE JUDGE